UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

JERMEL MANGUM,

                                 Plaintiff,

              -against-

                              15 Civ. 8810

CITY OF NEW YORK, NEW YORK COUNTY         Hon. Paul A. Engelmayer
DISTRICT ATTORNEY'S OFFICE, POLICE OFFICER
MOURAD ARSLANBECK, individually and in his official
capacity, POLICE OFFICER DAVID PORRAS,
individually and in his official capacity, NEW YORK
COUNTY DISTRICT ATTORNEY CYRUS R. VANCE,
individually and in his official capacity, and ASSISTANT
DISTRICT ATTORNEY NICHOLAS CONNOR,
individually and in his official capacity,

                                 Defendants.

------------------------------------------------------------------------ X


## CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS UNDER FED. R. CIV. P 12(b)(6), WITH PREJUDICE


ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York,*
*Mourad Arslanbeck, and David Porras*
100 Church Street
New York, New York 10007
(212) 356-2572


Of Counsel:
Angharad K. Wilson

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................................ii

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 1

LEGAL STANDARDS ................................................................................................... 4

ARGUMENT .................................................................................................................. 5

      POINT I : ALL CLAIMS UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS
      ARSLANBECK AND PORRAS MUST BE DISMISSED ................................... 5

          A.    Search Incident to Arrest – The Officers are
          Entitled to Qualified Immunity ................................................................. 5

          B.    False Arrest .............................................................................. 9

          C.   Malicious Prosecution ...................................................................... 10

          D.   Denial of Due Process ..................................................................... 12

          E.   Conspiracy ................................................................................ 13

          F.   Failure to Protect and Neglect .......................................................... 14

      POINT II : ALL CLAIMS UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF
      NEW YORK MUST BE DISMISSED ................................................................. 15

      POINT III : ALL STATE LAW CLAIMS AGAINST CITY DEFENDANTS
      MUST BE DIMSISSED ...................................................................................... 17

          A.   Intentional Torts .............................................................................. 17

          B.   NY State Constitution...................................................................... 19

          C.   Negligent Torts ................................................................................ 19

CONCLUSION................................................................................................... 21~~22~~

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*5 Borough Pawn v. City of New York*,
  640 F. Supp. 2d 268 (S.D.N.Y. 2009)....................................................................17

*Alfaro v. Wal-Mart Stores, Inc.*,
  210 F.3d 111 (2d Cir. 2000)..............................................................................20

*Amore v. Novarro*,
  624 F.3d 522 (2d Cir. 2010)...............................................................................5

*Anderson v. Branen*,
  17 F.3d 552 (2d Cir. 1994)...............................................................................14

*Anderson v. Creighton*,
  483 U.S. 635 (1987)........................................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)......................................................................4, 5, 12, 15

*Atwater v. City of Lago Vista*,
  532 U.S. 318 (2001)........................................................................................5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................................4

*Bernard v. United States*,
  25 F.3d 98 (2d Cir. 1994) .................................................................................19

*Boose v. City of Rochester*,
  421 N.Y.S.2d 740 (App. Div., 4th Dep't 1979).............................................19, 20

*Bradley v. City of New York*,
  2009 U.S. Dist. LEXIS 51532, at *10 (E.D.N.Y. June 18, 2009) ..........................17

*Bradway v. Gonzales*,
  26 F.3d 313 (2d Cir. 1994)................................................................................8

*Broder v. Cablevision Systems Corp.*,
  418 F.3d 187 (2d Cir. 2005)...............................................................................4

*Brodeur v. City of New York*,
  No. 99 Civ. 661 (WP), 2002 U.S. Dist. LEXIS 4500 (S.D.N.Y. Mar. 18, 2002)...................17

*Broughton v. State of New York,*
    37 N.Y.2d 451 (1975) ...................................................................................18

*Brown v. City of New York,*
    2014 U.S. Dist. LEXIS 150577 (S.D.N.Y. Oct. 23, 2014) (Engelmeyer, J.)............................4

*Carr v. City of New York,*
    2013 U.S. Dist. LEXIS 57545 (S.D.N.Y. Apr. 19, 2013).......................................13

*Chimel v. California,*
    395 U.S. 752 (1969).........................................................................................6

*City of Canton v. Harris,*
    489 U.S. 378 (1989).......................................................................................15

*City of Los Angeles v. Heller,*
    475 U.S. 796 (1986).......................................................................................16

*City of St. Louis v. Praprotnik,*
    485 U.S. 112 127-30 (1985) (plurality opinion) ...................................................15

*Cuevas v. City of New York,*
    No. 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984 (S.D.N.Y. Dec. 7,
    2009) ...........................................................................................................17

*Curiano v. Suozzi,*
    63 N.Y.2d 113 (1985) ...................................................................................18

*Cyrus v. City of New York,*
    450 Fed. Appx. 24 (2d Cir. 2011) .....................................................................12

*Daloia v. Rose,*
    849 F.2d 74 (2d Cir. 1988)..............................................................................12

*Danielak v. City of New York,*
    No. 02-CV-2349 (KAM), 2005 U.S. Dist. LEXIS 40901 (E.D.N.Y. Sept. 26,
    2005) ...........................................................................................................14

*Daniels v. Williams,*
    474 U.S. 327 (1986).......................................................................................15

*Davis v. City of New York,*
    No. 10 Civ. 0699 (SAS), 2012 U.S. Dist. LEXIS 144040 (S.D.N.Y. Oct. 4,
    2012) ...........................................................................................................12

*Dwares v. City of New York,*
    985 F.2d 94 (2d Cir. 1993)..............................................................................16

*Ehrens v. Lutheran Church*,
    385 F.3d 232 (2d Cir. 2004)............................................................................20

*Feinberg v. City of New York*,
    No. 99 Civ. 12127, 2004 U.S. Dist. LEXIS 16098, 2004 WL 1824373
    (S.D.N.Y. Aug. 13, 2004)..............................................................................14

*Gonzalez v. City of Schenectady*,
    728 F.3d 149 (2d Cir. 2013)......................................................................8, 10

*Hayes v. County of Sullivan*,
    853 F. Supp. 2d 400 (S.D.N.Y. 2012).............................................................12

*Hershey v. Goldstein*,
    938 F. Supp. 2d 491 (S.D.N.Y. 2013).............................................................19

*Jackson v. City of New York*,
    939 F. Supp. 2d 219 (E.D.N.Y. 2013) ............................................................15

*Jean-Laurent v. Wilkinson*,
    540 F. Supp. 2d 501 (S.D.N.Y. 2008).............................................................14

*Jenkins v. City of New York*,
    478 F.3d 76 (2d Cir. 2007)............................................................................15

*Jocks v. Tavernier*,
    316 F.3d 128 (2d Cir. 2003)............................................................................9

*Jovanovic v. City of New York*,
    2006 U.S. Dist. LEXIS 59165 (S.D.N.Y. Aug. 17, 2006) .......................................4

*Jovanovic v. City of New York*,
    486 Fed. Appx. 149 (2d Cir. 2012) ...........................................................11, 12

*Kickertz v. New York University*,
    10 A.D.3d 268 (1st Dep't 2013) ....................................................................18

*Lawson v. Rochester City Sch. Dist.*,
    446 Fed. Appx. 327 (2d Cir. 2011).................................................................13

*Miranda v. Arizona*,
    384 U.S. 436 (1966)..........................................................................1, 9, 11

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658 (1978)....................................................................................15, 16

*Murphy v. Lynn*,
    118 F.3d 938 (2d Cir. 1997).........................................................................10

*Newton v. City of New York,*
    681 F. Supp. 2d 473 (S.D.N.Y. 2010) ................................................................20

*Pangburn v. Culbertson,*
    200 F.3d 65 (2d Cir. 1999) ...............................................................................13

*Pearson v. Callahan,*
    555 U.S. 223 (2009) ............................................................................................4

*Pembaur v. City of Cincinnati,*
    475 U.S. 469 (1986) (plurality opinion) ...........................................................15

*People v. Evans,*
    43 N.Y.2d 160 (1977) ..........................................................................................6

*People v. Lucas,*
    183 Misc. 2d 639, 704 N.Y.S.2d 779 (Sup. Ct. 1999) .........................................7

*People v. Mangum,*
    125 A.D.3d 401 (1st Dep't 2015) .....................................................................6, 7

*People v. Reid,*
    24 N.Y.3d 615 (2014) ...........................................................................3, 6, 7, 8

*Peters v. City of N.Y.,*
    No. 14-cv-1361-ERK, 2015 U.S. Dist. LEXIS 85020 (E.D.N.Y. June 30,
    2015) ..................................................................................................................10

*Posner v. Lewis,*
    18 N.Y.3d 566 (2012) ........................................................................................18

*Sands v. City of New York,*
    No. 04-CV-5275 (BMC), 2006 U.S. Dist. LEXIS 72111 (E.D.N.Y. Oct. 3,
    2006) ....................................................................................................................5

*Savino v. City of New York,*
    331 F.3d 63 (2d Cir. 2003) ...............................................................................11

*Sorlucco v. New York City Police Dep't,*
    971 F.2d 864 (2d Cir. 1992) .............................................................................15

*Townes v. City of New York,*
    176 F.3d 138 (2d Cir. 1999) ..............................................................9, 10, 11, 12

*United States v. Robinson,*
    414 U.S. 218 (1973) ............................................................................................6

*Villa v. City of New York*,
    No. 11 Civ. 1669 (RJS) (AJP), 2013 U.S. Dist. LEXIS 49830 (S.D.N.Y. Mar.
    14, 2013) ....................................................................................................................13

*Wallace v. Kato*,
    549 U.S. 384 (2007).......................................................................................................9

**Statutes**

42 U.S.C. § 1983 ................................................................................................ *passim*

N.Y.C. Admin. Code § 16-118 ...........................................................................5

N.Y. Gen. Mun. L. §50-i(1) ..............................................................................18

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).......................................................................................4

## PRELIMINARY STATEMENT

Plaintiff Jermel Mangum brings this 42 U.S.C. § 1983 claim in connection with his January 26, 2012 arrest and prosecution on charges of felony criminal possession of a weapon and criminal possession of a controlled substance with intent to distribute.  As shown below, all of plaintiff's claims should be dismissed.  As plaintiff acknowledges, on or about January 26, 2012, in the vicinity ofthe Baruch Houses in Manhattan, the defendant officers stopped and detained him, and then searched his backpack.  During that search, officers found a handgun and drugs, and in the subsequent criminal proceedings plaintiff pleaded guilty to criminal possession of a weapon and drug offenses.  He does not dispute that he committed these crimes.  Rather, he seeks to turn into a Section 1983 lawsuit – and a damages windfall – a state court ruling in his favor suppressing the items that officers undisputedly recovered when they stopped and searched him.  Because controlling authority from the Second Circuit does not allow plaintiff to recover damages in these circumstances, and because the defendant-officers are entitled to qualified immunity as well, plaintiff's complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

Plaintiff Jermel Mangum was arrested on January 26, 2012 on the property of the Baruch Houses in Manhattan. (Compl. ¶ 28). Plaintiff alleges that he was stopped by NYPD Officers Mourad Arslanbeck and David Porras without founded suspicion of criminality (though plaintiff does not describe any other circumstances leading to his stop by the officers). (Compl. ¶ 28). According to plaintiff, the officers handcuffed plaintiff, then frisked his person and a closed backpack that he had been wearing. (Compl. ¶ 30).  The complaint then alleges that plaintiff was arrested, transported to a police precinct, and subjected to a "strip and/or visual cavity search" at the precinct. (Compl. ¶¶ 31-33). Plaintiff further alleges that the officers questioned him on the way back to the precinct without issuing *Miranda* warnings. (Compl. ¶ 32). He then alleges that

he was transported to DANY and questioned by employees of the District Attorney's office. (Compl. ¶ 34). Records of the case – of which this Court can take judicial notice – reflect that a loaded handgun was recovered from plaintiff's backpack at the arrest site, marijuana was recovered from his pocket, and heroin was recovered from the waistband of his underwear at the precinct. (Wilson Decl. Exh. A p. 3).

Plaintiff was indicted by a grand jury for the crimes of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree, and possession of a pistol or revolver ammunition within the City. (Wilson Decl. Exh. A, p. 1).A *Mapp/Dunaway/Huntley* hearing was held on July 23 and 24, 2012. *Id.* at 1. At that hearing, the judge found the following facts: at approximately 11:30 pm on January 26, 2012, Officers Arslanbeck and Porras observed plaintiff walking with two other men. *Id.* at 2. All three men were carrying Styrofoam cups. Plaintiff was wearing a "very thin" backpack that was sagging heavily to the right. *Id.* Officer Arslanbeck approached the men and asked them where they were coming from and where they were going, and plaintiff stated that he was coming from his wife's residence and going to his girlfriend's. *Id.* Officer Arslanbeck then asked what was in the backpack, to which plaintiff replied, "Books." *Id.* at 2-3.Officer Arslanbeck then asked the plaintiff to put down his backpack and a clanking sound came from the backpack, as if a heavy metal object was inside the bag. *Id.* at 3. Officer Porras picked up the bag, and felt that the item inside the backpack was a handgun. *Id.* Officer Arslanbeck then handcuffed plaintiff, who stated, "You got the wrong guy. I wasn't trying to shoot nobody." *Id.* Plaintiff was transported to the precinct, where he was searched and a statement was taken prior to his transport to DANY. *Id.*

On August 13, 2012, Hon. Carol Berkman found that the gun and narcotics evidence should not be suppressed because they were the product of a search incident to a lawful

arrest. *Id.* at 5-6. The court reasoned that, because the officers had probable cause to arrest plaintiff for the offense of littering, the search of the backpack was justified as a search incident to arrest for that offense. *Id.* The opinion went on to suppress all of the statements made by plaintiff, except for the statement plaintiff made at the scene, finding that that statement was voluntary and not in response to any questioning. *Id.* at 7. However, the judge found that the plaintiff's statements while being transported to the precinct were made in response to custodial questioning and that those statements tainted his subsequent questioning at the precinct and the DA's office. *Id.*

On September 20, 2012, plaintiff pled guilty to criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree, and was sentenced to five years' imprisonment to be followed by five years' post-release supervision. (Compl. ¶ 37).

On February 3, 2015, the Appellate Division, First Department reversed plaintiff's conviction, finding that the evidence obtained through the searches should have been suppressed. In doing so, the court cited a New York Court of Appeals opinion, *People v. Reid*, 24 N.Y.3d 615 (2014), handed down after the incident occurred, which held that, if an officer has not yet made an arrest, but has probable cause to make an arrest, that officer must also have formed a subjective intent to arrest for the offense prior to performing a search incident to arrest. Plaintiff was released from prison on February 3, 2015. (Compl. ¶ 40).

Plaintiff now brings this lawsuit against the City of New York, New York County District Attorney Cyrus Vance, Jr., NYPD Officer Mourad Arslanbeck and David Porras, and Assistant District Attorney Nicholas Connor alleging that his constitutional rights were violated by these defendants' actions.  In his complaint, he does not dispute the material facts described

above, namely, that the defendant officers searched him at the time they arrested him and recovered the gun and drugs.

## **LEGAL STANDARDS**

Under Rule 12(b)(6), the complaint should be dismissed where it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The facts pleaded "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"Where a plaintiff has 'relied on the terms and effect of a document in drafting the complaint,' and that document is thus 'integral to the complaint,' [the court] may consider its contents even if it is not formally incorporated by reference." *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). When deciding motions to dismiss in Section 1983 cases, the courts may consider material outside the pleadings on which the plaintiff relied in drafting his complaint, including the record of any underlying criminal proceedings. *See, e.g., Jovanovic v. City of N.Y.*, 2006 U.S. Dist. LEXIS 59165, at *13-15 (S.D.N.Y. Aug. 17, 2006); *Brown v. City of New York*, 2014 U.S. Dist. LEXIS 150577, at *5-6 n2 (S.D.N.Y. Oct. 23, 2014) (Engelmeyer, J.). In addition, where law enforcement officials raise the defense if immunity (either qualified or absolute), the Supreme Court has "repeatedly . . . stressed the importance of resolving [those] immunity questions at the earliest possible stage in the litigation." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity "protect[s] the defendant public official not just from

liability but also from suit, thereby sparing him the necessity of defending by submitting to discovery on the merits." *Amore v. Novarro*, 624 F.3d 522, 529 (2d Cir. 2010).

## ARGUMENT

### POINT I: ALL CLAIMS UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS ARSLANBECK AND PORRAS MUST BE DISMISSED

The complaint alleges a gamut of claims under §1983 against defendants Arslanbeck and Porras, including: false arrest, malicious prosecution, unreasonable search, racial profiling, excessive force, and conspiracy. *See*, Complaint ¶49(a)-(g). The complaint does not make any factual allegations at all that could plausibly support the claims for excessive force and racial profiling. Thus, to the extent that these claims have even been pleaded, they must be dismissed. *Iqbal*, 556 U.S. at 663.

## A.    SEARCH INCIDENT TO ARREST – THE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY

Plaintiff alleges liability on the part of the officers for their stop and search of his backpack in two ways: he alleges that the stop and search itself was a violation of his constitutional rights and additionally that the stop and search led to his arrest and prosecution.

As discussed above, the officers' uncontroverted testimony at plaintiff's suppression hearing was that they observed plaintiff drop a Styrofoam cup on the ground as he was walking in the vicinity of the Baruch Houses in Manhattan. At the point the officers observed plaintiff throw the cup on the ground, they had probable cause to believe that plaintiff had committed the offense of littering. *See,* N.Y.C. Ad. Code § 16-118. It is well-settled that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). *See, also, Sands v. City of New York*, No. 04-CV-5275 (BMC), 2006 U.S. Dist. LEXIS 72111, at *10-15 (E.D.N.Y. Oct. 3,

2006) (dismissing plaintiff's false arrest claim because there was probable cause to arrest plaintiff for littering, despite the fact that littering is only punishable by a fine).

It is also well-established law that police officers may, incident to a lawful arrest, search the arrestee and the area that is under the arrestee's immediate control. *Chimel v. California*, 395 U.S. 752, 762-763 (1969). Police officers may search arrestees incident to an arrest for even a minor offense. *United States v. Robinson*, 414 U.S. 218 (1973). Generally, it does not matter whether the search incident to arrest occurs before or after the arrest, "as long as the search and the arrest are nearly simultaneous so as to constitute one event." *People v. Evans*, 43 N.Y.2d 160, 166 (1977). Defendants' search of plaintiff's bag was thus justified as a search incident to arrest, as defendants' had probable cause to arrest plaintiff for littering. In fact, that is what the Supreme Court found in the decision on plaintiff's suppression hearing in this matter. (Wilson Decl. Exh. A p. 6).

Plaintiff now alleges that the search of his backpack was unconstitutional and creates a cause of action under § 1983 because of the subsequent suppression of the search of the backpack and reversal by the Appellate Division, First Department. (Compl. ¶¶ 38-40). The First Department cited a recent Court of Appeals decision that it found was controlling and required the suppression of the fruits of the search. *See, People v. Mangum*, 125 A.D.3d 401 (1st Dep't 2015). The cited case, *People v. Reid*, suppressed a knife recovered during a search incident to arrest where plaintiff's car had initially been pulled over on suspicion of driving while intoxicated. 24 N.Y.3d 615 (2014). Although the court found that the arresting officer had probable cause to arrest Reid for the charge of driving while intoxicated (he was swerving, smelled of alcohol, and had watery eyes and disheveled clothing), the arresting officer testified at a suppression hearing that he had not intended to arrest the defendant until he found the knife. *Id.*

- 6 -

at 618-619. The Court of Appeals went on to find that, where no arrest has occurred, "an officer must have intended to make one if the 'search incident' exception is to be applied." *Id.* at 620.

   While the decision in *Reid* may require the suppression of the evidence obtained through the search of plaintiff, it does not undermine the officers' reasonable belief that the search was constitutional at the time it occurred, nor does it allow a finding that the stop and search were the cause of plaintiff's arrest and prosecution. *Reid* was decided in November 2014, nearly three years after plaintiff's arrest. It appears that until the decision in *Reid*, it was unclear whether an officer required a subjective intent to arrest an individual prior to searching them incident to arrest. Prior to *Reid*, in other words, the governing law allowed an officer to conduct a search incident to an arrest as long as the officer had probable cause to arrest the person searched for any crime, regardless of whether the officer intended to arrest that person at the time of the search.

   The decision reversing plaintiff's conviction in essence admits as much: "Based on *Reid*, it is <u>now</u> clear that police must either make an arrest or intend to make an arrest at the time of the search in order for the search to be considered lawful." *Mangum*, 125 A.D.3d at 402. (emphasis added). A number of decisions prior to *Reid* seem to suggest that the officers' subjective intent was not important to the determination of whether a search incident to arrest when the officers had probable cause to arrest for another offense. *See, e.g.***,** *People v. Lucas*, 183 Misc. 2d 639, 704 N.Y.S.2d 779 (Sup. Ct. 1999) (finding that a search incident to arrest that occurred prior to defendant's formal arrest did not need to be suppressed because the police officer had probable cause to arrest defendant for a separate offense). The rule of law that mandated the result in this case, i.e., that plaintiff's conviction must be overturned because the

search was unlawful, was not "clearly established" at the time of the search, and for this reason the officers are protected by qualified immunity.

The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability…" *Bradway v. Gonzales*, 26 F.3d 313, 317-18 (2d Cir. 1994) (internal citations and quotations omitted). "The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful*." Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (citing *Taravella v. Town of Wolcott*, 599 F.3d 129, 133-34 (2d Cir. 2010)). "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

As discussed above, until the decision in *Reid*, courts had not ruled that the officers' subjective intent to arrest was a requirement for a search incident to an arrest where probable cause existed. In fact, there is a dissent in *Reid*, suggesting that even at the time *Reid* was decided, justices of the Court of Appeals disagreed as to whether subjective intent to arrest was required for a lawful search incident to arrest. *See Reid,* 24 N.Y.3d at 620 (Read, J., dissenting). It is clear that the requirement of subjective intent was not "clearly established" at the time of plaintiff's arrest.   Moreover, it was objectively reasonable for the officers to believe that they had the right to search plaintiff incident to arrest based on the probable cause they had

for the littering charge. Officers Arslanbeck and Porras should not be subject to civil damages as a result of their objectively reasonable actions.

Plaintiff further alleges that officers interrogated him without first giving him a warning pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Plaintiff cannot argue that the alleged violation of his *Miranda* rights is a cognizable constitutional deprivation under § 1983. "Miranda violations, absent coercion, do not rise to the level of constitutional violations actionable under § 1983. The appropriate remedy for violations of Miranda rights is exclusion of the evidence at trial." *Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003). Plaintiff does not allege any coercion on the part of the officers who were involved.

## B.    FALSE ARREST

Plaintiff's false arrest claim under §1983 must fail for two reasons: (1) the statute of limitations has already run for this claim; and (2) even assuming the well-pleaded facts to be true, the officer defendants had probable cause to arrest plaintiff at the latest when they observed the handgun they found in his backpack. In New York, under § 1983, the statute of limitations for false arrest is three years (as it is with all § 1983 claims), and that claim accrues when plaintiff "becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). In this case, plaintiff began to be held pursuant to legal process once he was arraigned on the charges for which he was arrested, which occurred on or about January 27, 2012. The statute of limitations thus expired on January 27, 2015, or about ten months prior to the filing of this lawsuit.

In addition to being time-barred, plaintiff's claim for false arrest fails on the merits. Once the officers found the gun in plaintiff's backpack, the officers had probable cause to arrest him. The later suppression of the search by the appeals court does not undermine probable cause for the arrest. *See, Townes v. City of New York*, 176 F.3d 138, 145 (2d Cir. 1999). In

- 9 -

*Townes,* plaintiff was a passenger in a taxicab that police officers stopped; during a search of the cab, the officers found weapons and narcotics on plaintiff's person at the police precinct. *Id.* The search was not suppressed, and plaintiff was convicted of weapons possession and narcotics charges. *Id.* The Appellate Division reversed the conviction, finding that the search of the taxicab should have been suppressed by the lower court. *Id.* Plaintiff sued for damages related to his arrest and prosecution, and the Second Circuit found that, while the search was a violation of plaintiff's rights, he could only receive damages for the detention and search itself, not for his subsequent arrest and prosecution. *Id.*

## C.    MALICIOUS PROSECUTION

Under New York law, to establish a claim of malicious prosecution, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997). Plaintiff cannot allege termination of the proceedings in his favor. In order to allege a favorable termination in a case where the prosecution does not result in an acquittal, the "final disposition is such as to indicate the innocence of the accused." *Id.* at 948. Plaintiff, who pleaded guilty during the criminal proceeding, and does not (nor could he) allege that he did not possess a firearm or narcotics, cannot allege that the reversal of his conviction now indicates his innocence of the crime of which he was convicted. *See, Gonzalez v. City of Schenectady*, 728 F.3d 149 (2d Cir. 2013) (finding that plaintiff could not plead favorable termination when, as here, his conviction was reversed when drug evidence was suppressed on appeal); *Peters v. City of N.Y.*, No. 14-cv-1361-ERK, 2015 U.S. Dist. LEXIS 85020 (E.D.N.Y. June 30, 2015) (dismissal based on suppression of evidence is not a favorable termination).

Plaintiff's malicious prosecution claim must also fail because he cannot allege that his prosecution lacked probable cause. An "indictment by a grand jury creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). Plaintiff bears the burden of proof in rebutting the presumption of probable cause. *Id.* at 73. Plaintiff has not alleged any facts that would support an inference that the indictment was procured by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." In fact, the only allegations that plaintiff makes regarding his criminal prosecution are that the search of his backpack and statements he made to police personnel should have been suppressed under the exclusionary rule. However, the Second Circuit has noted that, "less searching scrutiny of procedural protections is warranted for grand jury proceedings than for criminal trial." *Jovanovic v. City of New York*, 486 Fed. Appx. 149, 153 (2d Cir. 2012) (citing *United States v. Calandra*, 414 U.S. 338, 349 (1974) and observing that *Calandra* rejected the use of the exclusionary rule in grand jury proceedings). The only facts alleged against the police officers that could be construed as describing misconduct on their part are the allegations that the officers searched plaintiff without probable cause and that they interrogated him without issuing him *Miranda* warnings.  These allegations cannot undermine the presumption that the grand jury acted judicially.

Further, as discussed above, pp. 9-10, *supra*, *Townes* bars recovery for malicious prosecution based on an unreasonable search. In *Townes*, the Second Circuit rejected plaintiff's arguments that the unreasonable search caused his conviction through either the fruit of the poisonous tree doctrine or that the search proximately caused plaintiff's conviction in light of the intervening cause of the trial court's ruling on his suppression motion. *Id.* at Further, the court

observed that the remedy of damages based on plaintiff's imprisonment was inappropriate, as "[t]he evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all." *Id.* at 148. *See, also, Davis v. City of New York*, No. 10 Civ. 0699 (SAS), 2012 U.S. Dist. LEXIS 144040, at *14 n.40 (S.D.N.Y. Oct. 4, 2012) ("if police officers develop probable cause after having conducted an unlawful stop, they will be liable only for the unlawful stop, not any subsequent arrest or imprisonment"); *Cyrus v. City of New York*, 450 Fed. Appx. 24, 26 (2d Cir. 2011) (finding that the exclusionary rule does not apply to civil actions, so the recovery of a weapon on plaintiff created probable cause to arrest and prosecute him).

**D.       DENIAL OF DUE PROCESS**

Plaintiff further appears to plead a cause of action for denial of the right to a fair trial through fabrication of evidence (officers "knowingly provided false statements and reports against Plaintiff in an effort to prevent the truth from coming to light..." (Compl. ¶ 49(g))). To prevail on a fabrication of evidence claim, a plaintiff must show that "an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result. *Jovanovic v. City of New York*, No. 10-4398-cv, 2012 U.S. App. LEXIS 12521, at *4 (2d Cir. June 20, 2012). Plaintiff fails to allege any facts whatsoever to support this claim, and his allegation amounts to a conclusion that is not entitled to any weight on this motion. *Iqbal*, 556 U.S. at 663. Even if the allegation were not conclusory, however, it would be insufficient in the circumstances here to support plaintiff's due process claim.

Police officers who testify at adversarial pretrial proceedings are entitled to absolute immunity from liability based on that testimony. *Daloia v. Rose*, 849 F.2d 74 (2d Cir. 1988). *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 421-422 (S.D.N.Y. 2012) (finding that *Daloia* barred claims against defendant police officers for alleged perjury committed at the

suppression hearing). Officers Arlansbeck and Porras are thus immune for testimony that they gave during the plaintiff's suppression hearing.

Further, any conceivable claim for a fabrication of evidence against the officers is time-barred. A cause of action for fabrication of evidence accrues at the time that a plaintiff becomes aware of the fabrication. *Carr v. City of New York*, 2013 U.S. Dist. LEXIS 57545, at *22 (S.D.N.Y. Apr. 19, 2013). *See*, *Lawson v. Rochester City Sch. Dist.*, 446 Fed. Appx. 327, 328 (2d Cir. 2011) (statute of limitations on civil rights claim is three years). The latest date that plaintiff would have become aware of any alleged fabrication of evidence on the part of the officers would be at the suppression hearing at which they testified, which occurred on July 24, 2012. The statute of limitations thus expired several months before the filing of this case.

## E.   CONSPIRACY

Plaintiff's conspiracy claims must also fail. In order to prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal, causing damages. *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). To state a claim for conspiracy pursuant to § 1985, a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Villa v. City of New York*, No. 11 Civ. 1669 (RJS) (AJP), 2013 U.S. Dist. LEXIS 49830, at *22-23 (S.D.N.Y. Mar. 14, 2013) Moreover, the plaintiff must prove that the conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Id.*

- 13 -

Plaintiff has not pleaded any factual matter that would render the claim of a conspiracy plausible. The only allegations in support of this claim are, again, conclusions, not well-pleaded facts. Further, the claim that the officers conspired with each other to violate plaintiff's rights is barred by the intra-corporate conspiracy doctrine. "[T]he intra-corporate conspiracy doctrine bars plaintiff's conspiracy claims because all of the individual defendants were employees of the New York City Police Department, and were acting within the scope of their employment as police officers when they arrested plaintiff." *Danielak v. City of New York*, No. 02-CV-2349 (KAM), 2005 U.S. Dist. LEXIS 40901, at *43-44 (E.D.N.Y. Sept. 26, 2005).

## F.     FAILURE TO PROTECT AND NEGLECT[1]

An officer who fails to intercede may be liable for preventable harm caused by the actions of other officers if he or she observes or has reason to know that those other officers violated someone's constitutional rights. *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). Liability, however, may only attach when, "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008). There can be no failure to intervene, however, where there was no constitutional violation. *Feinberg v. City of New York*, No. 99 Civ. 12127, 2004 U.S. Dist. LEXIS 16098, 2004 WL 1824373, at *4 (S.D.N.Y. Aug. 13, 2004). As discussed above, no constitutional violations under

---

[1] Failure to protect claims are generally claims in which individuals claim that police should have physically protected them from private individuals due to a special duty undertaken by the police. City Defendants assume that what is styled as a "failure to protect and neglect" claim is actually a claim for failure to intervene under § 1983 and negligence.

§ 1983 have been adequately pled, so the allegations cannot give rise to a claim for failure to intervene.

Further, when all named defendants can be held liable under a theory of direct participation, they cannot be held liable for a failure to intervene. *Jackson v. City of New York*, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013). All of the factual allegations against the officers are alleged as to both of them; thus, no failure to intervene claim can be alleged. Finally, there is no cognizable claim for negligence under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-336 (1986).

### POINT II: ALL CLAIMS UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK MUST BE DISMISSED

To state a claim for municipal liability, a plaintiff must plausibly allege one of four different types of violations: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); the official responsible for establishing a policy, with respect to the subject matter in question to the specific action, caused the alleged violation of plaintiff's rights, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-484 (1986) (plurality opinion); (3) the existence of an unlawful practice by proof that this practice was so manifest as to imply the acquiescence of policy-making officials, *City of St. Louis v. Praprotnik*, 485 U.S. 112 127-30 (1985) (plurality opinion), *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 871 (2d Cir. 1992); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact, *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Jenkins v. City of New York*, 478 F.3d 76, 94 (2d Cir. 2007).  Both of plaintiff's *Monell* claims are based on a theory of a failure to train, supervise, or discipline, but neither claim is supported by sufficient "factual matter."  *See Iqbal*, 556 U.S. at 663.

The complaint alleges fourteen different policies or practices of the NYPD that caused the violation of plaintiff's rights, including various policies related to street encounters with civilians, interrogation of suspects, and discipline of officers accused of wrongdoing. (Compl. ¶ 73). The complaint then goes on to allege sixteen policies or practices of the Manhattan DA's office that allegedly caused the violation of plaintiff's rights, including prosecuting individuals without probable cause, inadequately investigating prosecutorial and police misconduct, and relying on evidence that is unsustainable. In support of these allegations, plaintiff does not plead any facts that would support the existence of a policy or practice on the part of the NYPD. The only factual matter pled in the complaint relates directly to plaintiff's arrest and prosecution.

As a preliminary matter, where a plaintiff has failed to establish a violation of his constitutional rights, there is no basis for a claim of municipal liability. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (if plaintiff cannot show that her constitutional rights were violated by a City actor, then there cannot be *Monell* liability). As discussed above, pp. 5-14, *supra*, plaintiff has not adequately alleged a constitutional violation on the part of any of the individual defendants, and thus, the *Monell* claims should be dismissed.

Moreover, plaintiff has failed to adequately plead a *Monell* claim for actions by the NYPD or DANY. The Second Circuit has held that "[t]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support at least circumstantially, such an inference.  Similarly, the simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury" *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993).

Thus, a plaintiff's claim should be dismissed where he merely states conclusory allegations of municipal policy and practice and fails to allege facts from which the court may infer an actual causal link between the custom or policy and alleged constitutional violation. *See*, *e.g.*, *Cuevas v. City of New York*, No. 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at \*12 (S.D.N.Y. Dec. 7, 2009) ("Baldly asserting that Plaintiff's injuries are the result of the City's policies does not show this Court what the policy is or how that policy subjected Plaintiff to suffer the denial of a constitutional right"); *5 Borough Pawn v. City of New York*, 640 F. Supp. 2d 268, 299-300 (S.D.N.Y. 2009) (citing *Iqbal* in support of dismissal of a *Monell* claim where the plaintiffs' assertion of an unconstitutional policy was based on "nothing more than their unsupported supposition"); *Bradley v. City of New York*, 2009 U.S. Dist. LEXIS 51532, at \*10 (E.D.N.Y. June 18, 2009) ("The Complaint's conclusory, boilerplate language . . . is insufficient to raise an inference of the existence of a custom or policy, let alone that such a policy caused plaintiff's [constitutional injury]"); *Brodeur v. City of New York*, No. 99 Civ. 661 (WP), 2002 U.S. Dist. LEXIS 4500, at \*7 (S.D.N.Y. Mar. 18, 2002) (dismissing claim when complaint "flatly assert[ed] a policy but contain[ed] no factual allegations sufficient to establish a municipal policy or custom"). Plaintiff's allegations against DANY and the NYPD do not include <u>any</u> factual matter in support of these allegations. *See*, Compl. ¶¶ 75-84.

### <u>POINT III: ALL STATE LAW CLAIMS AGAINST CITY DEFENDANTS MUST BE DIMSISSED</u>

#### A.    INTENTIONAL TORTS

Plaintiff pleads causes of action against the defendants for assault, battery, false arrest and imprisonment, malicious prosecution, and *prima facie* tort. As stated above (see p.5, *supra*), plaintiff does not allege any facts supporting the claim that he was subject to excessive force by the defendant officers. To the extent that plaintiff alleges that he was subject to a

- 17 -

technical assault and battery when the defendant officers handcuffed him, that claim accrued on January 26, 2012, which was the date of plaintiff's arrest. Under New York law, the statute of limitations for a tort claim against the City of New York or its employees is one year and ninety days. *See*, N.Y. Gen. Mun. L. §50-i(1). The statute of limitations on the assault and battery claim thus expired on April 26, 2013, over two years before the present lawsuit was filed.

As discussed above, plaintiff's claims for false arrest, imprisonment, and malicious prosecution must be dismissed because there was probable cause for plaintiff's arrest and subsequent prosecution. Under New York state law, probable cause is a complete defense to false arrest. *See*, *Broughton v. State of New York*, 37 N.Y.2d 451, 458 (1975) (under New York law, "justification may be established by showing that the arrest was based on probable cause"). Probable cause is also a complete defense to malicious prosecution under New York state law.

To state a legally cognizable claim for *prima facie* tort, a plaintiff must allege: "(1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful," and (5) that "malevolence is the sole motive for defendant's otherwise lawful act." *Posner v. Lewis*, 18 N.Y.3d 566, 570, n.2 (2012). However, "prima facie tort was designed to provide a remedy for intentional and malicious acts that cause harm and for which not traditional tort provides a remedy, and not to provide a catch all alternative for every cause of action which cannot stand on its legs." *Kickertz v. New York University*, 10 A.D.3d 268, 277 (1st Dep't 2013). Plaintiff's claims fall within the ambit of traditional tort remedies (false arrest and malicious prosecution), and thus, plaintiff's claim for prima facie tort should be dismissed. *See, e.g.*, *Curiano v. Suozzi*, 63 N.Y.2d 113, 118-119 (1985) (finding that plaintiffs should not be allowed to plead prima facie tort to avoid the "stringent requirements" that have been set for traditional tort remedies,

such as malicious prosecution, because of the public policy interest in avoidance of retaliatory lawsuits).

**B.    NY STATE CONSTITUTION**

Plaintiff further alleges that defendants deprived plaintiff of his constitutional and statutory rights, under the New York State Constitution and a number of other statutes.[2] As a threshold matter plaintiff has not adequately pled any facts supporting these myriad allegations or alleged which section of the above laws form the basis of these allegations. Furthermore, plaintiff does not have a separate cause of action under the New York State Constitution, as he has not alleged any claims that are under the New York constitution that are not duplicative of the allegations under § 1983. *Hershey v. Goldstein*, 938 F. Supp. 2d 491, 520 (S.D.N.Y. 2013).

**C.    NEGLIGENT TORTS**

Plaintiff alleges negligence on the part of defendants and negligent screening, hiring, training, supervision, and retention on the part of defendant City of New York. Under New York law, a plaintiff may not assert a general claim of negligence in connection with a claim stemming from an arrest. *Boose v. City of Rochester*, 421 N.Y.S.2d 740, 743 (App. Div., 4th Dep't 1979) (holding that a plaintiff seeking damages for an injury resulting from a wrongful arrest and detention "may not recover under broad general principles of negligence . . . but must proceed by way of the traditional remedies of false arrest and imprisonment.")  See e.g., *Bernard*

---

[2] Plaintiff alleges that "the defendants deprived Plaintiff of his constitutional and statutory rights, including but not limited to his rights to free speech and peaceable assembly, to be free from retaliation for exercising his constitutional and statutory rights, to be free from unlawful search and seizure, to be free from self incrimination, to be free from gratuitous and excessive force and punishment, to be free from cruel and unusual punishment, and to due process of law, as guaranteed to him by the Constitution and statutes of the State of New York, the NYS Human Rights Law, the NYS Civil Rights Law, the City Human Rights Law, and the Charter, rules and regulations of the City of New York." (¶104)

*v. United States*, 25 F.3d 98, 103 (2d Cir. 1994) (affirming district court's dismissal of plaintiff's New York State law negligence claim under *Boose*). Plaintiff's negligence claim must therefore be dismissed.

Plaintiff's claim for negligent hiring and retention also fails as a matter of law and must be dismissed.  To state a claim for ordinary negligence under New York law, a plaintiff must plausibly allege three elements: "'(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" *Alfaro v. Wal-Mart Stores, Inc.*, 210 F.3d 111, 114 (2d Cir. 2000) (quoting *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333, 424 N.E.2d 531, 441 N.Y.S.2d 644 (1981)).  To state a claim for negligent hiring and retention under New York law, a plaintiff must plausibly allege, in addition to the elements of standard negligence, that: "(1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels." *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (internal citations and quotation marks omitted). Such a claim cannot be sustained, however, when the defendant acts within the scope of her employment.  *See e.g.*, *Newton v. City of New York*, 681 F. Supp. 2d 473, 494-95 (S.D.N.Y. 2010).

Here, all the actions that plaintiff alleges that the officers engaged in with respect to his claim occurred within the scope of their employment as police officers: stopping and speaking to plaintiff, searching his person and belongings, arresting him, giving information to prosecutors and testifying at the suppression hearing. All of these actions were clearly undertaken within the scope of defendants' employment, and thus, this claim must be dismissed.

## **CONCLUSION**

For the foregoing reasons, defendants' motion should be granted and the above-

mentioned claims in Complaint should be dismissed with prejudice.

Dated:          New York, New York
                February 8, 2016

                                        Respectfully submitted,


                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants City of New York,*
                                        *Arslanbeck, and Porras*
                                        New York, New York 10007
                                        (212) 356-2752


                                        By:  _____/s/_____
                                             Angharad K. Wilson, Esq..
                                             *Assistant Corporation Counsel*